STATE EX REL. BLENKNER, APPELLANT, *v.* STILLWATER COUNTY ET AL., RESPONDENTS.

(No. 7,511.)

(Submitted March 10, 1936. Decided March 31, 1936.)

[56 Pac. (2d) 1085.]

*Mr. M. L. Parcells* and *Messrs. Blenkner & MacFarlane,* for Appellant, submitted a brief; *Mr. E. A. Blenkner* argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, *Mr. Jeremiah J. Lynch,* and *Mr. P. R. Heily,* County Attorney of Stillwater County, for Respondents, submitted a brief; *Mr. Lynch* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an appeal from a judgment of the district court of Stillwater county, rendered on an order of the court sustaining a motion to quash an application for a writ of mandate.

Relator, E. A. Blenkner, alleged in his application that in the year 1920 Columbus Irrigation District No. 1 was indebted to one R. W. Barr in the sum of $1,386.69, for which amount it issued to Barr its warrant No. 70; that immediately thereafter the warrant was presented to the county treasurer of Stillwater county for payment, and by the treasurer registered and indorsed "Not paid for want of funds"; that relator is the owner and holder of the warrant, and that no part thereof has been paid; and that all warrants of the irrigation district which were registered prior to No. 70 "have been paid in full or called for payment." The application further recites that taxes were duly levied and collected for the purpose of paying the irrigation district warrants, and that the moneys thereby collected were

commingled with county funds; that it was the duty of the county treasurer to pay warrants in the order in which they were registered; that he violated that duty by paying warrants registered subsequent to the registration of warrant No. 70 to the extent of $1,553.52; that because of this there was not sufficient money in the "warrant and interest fund" to pay the warrant; that upon learning of this fact relator made written demand upon the county commissioners and county treasurer to restore the sum of $1,553.52 to the warrant and interest fund, and that they refused to do so although there were at all times ample funds in the "general and other funds" of the county sufficient for such purpose. The application concluded with a prayer that the defendants Stillwater county and I. A. Adams, as county treasurer thereof, be compelled to place to the credit of the warrant and interest fund of the irrigation district the sum of $1,553.52.

Upon the filing of the application, the district court ordered the issuance of an alternative writ of mandate. Thereafter the defendants appeared and interposed a motion to quash the writ and to dismiss the application upon which it was based. A hearing was had upon the motion and thereafter the matter was taken under advisement. Subsequently the court made an order sustaining the motion to quash the alternative writ of mandate and the application in support thereof. In accordance therewith, judgment was entered quashing the writ and dismissing the application. From that judgment, the relator has appealed.

The question to be determined here is whether the relator ▮ upon his application (which was in the form of an affidavit) is entitled to the relief sought. The motion to quash admitted the truth of the allegations of the application, just as a demurrer to any pleading admits the truth of all facts properly alleged therein. (See *State ex rel. Stuewe* v. *Hindson*, 44 Mont. 429, 120 Pac. 485, 489; *State ex rel. Duggan* v. *District Court*, 65 Mont. 197, 210 Pac. 1062.) Defendants recognize this proposition, but they take the position that the application does not

state facts sufficient to warrant the issuance of the writ of mandate, and that it is deficient in several particulars. In support of this assertion they set out in their motion to quash several grounds upon which they claim the application is insufficient to justify granting the relief demanded. As we view the case, it will not be necessary for us to consider all of the propositions therein set forth. If any one of the grounds enumerated in the motion to quash is well taken and valid, then, of course, the order of the court sustaining the motion must be sustained.

One of the points urged by defendants in support of the motion to quash was that the application failed to allege or show that there were sufficient funds in the general fund of the county to make the transfer possible. In this connection relator alleged in his application that there were ample funds in the hands of the county treasurer in the "general and other funds thereof" from which such a transfer could be made. This we think was insufficient.

The rule is well established that before a person is entitled to a writ of mandamus, he must establish a clear legal right in himself and a violation of a duty by the person or officer sought to be coerced. (*State ex rel. Peterson* v. *Peck,* 91 Mont. 5, 4 Pac. (2d) 1086; *State ex rel. Brink* v. *McCracken,* 91 Mont. 157, 6 Pac. (2d) 869.) Such a writ will issue only to compel the performance of a clear legal duty. (*State ex rel. City of Billings* v. *Osten,* 91 Mont. 76, 5 Pac. (2d) 562.) The party applying for the writ must disclose the facts which establish his clear legal right to the relief sought. (*State ex rel. Duggan* v. *District Court,* supra.) An application for a writ of mandamus must allege facts which show not only a duty on the part of the defendant, but also an ability on his part to perform that duty. (5 Bancroft's Code Practice & Remedies, p. 5188.) It is quite generally held that where it is sought to compel the payment of money, it must be made to appear that there are funds from which the payment can be made. (See 5 Bancroft's Code Practice & Remedies, p. 5188; 38 C. J. 876, 877, and numerous authorities therein cited. See, also, *State ex*

*rel. Clark* v. *Bailey,* 99 Mont. 484, 44 Pac. (2d) 740.) We think that principle is applicable and controlling here, because the transfer sought from one fund to another amounts practically to the same thing as requiring the direct payment of money, and, therefore, is within the contemplation of the rule.

Relator argues that he has satisfied this requirement by alleging that there was ample money available for the purpose in the "general and other funds." This position is untenable. In the case of *State ex rel. Clark* v. *Bailey,* supra, this court considered a situation somewhat similar to that involved here. In accordance with our decision in that case it is clear that the only fund from which relator could compel the payment or transfer of money is the general fund; resort could not be had to any other special funds for that purpose. Thus it was incumbent upon relator to show that there was ample money in the general fund to make possible the transfer sought to be compelled. This he failed to do. His allegation that there was ample money for that purpose in the "general and other funds" certainly did not satisfy the requirement. Manifestly such an allegation falls short of satisfying the requirements that he must show a violation of a clear legal duty, and an ability on the part of the defendants to perform that duty. The court was correct in sustaining the motion to quash.

We do not say that relator is without rights in the premises, but hold only that he cannot prevail in this special proceeding under the allegation of his pleadings. "The motion to quash bears the same relation to the first pleading in mandamus that a general demurrer does to the complaint in an ordinary action." (*State ex rel. Stuewe* v. *Hindson,* supra.) It follows that the judgment can only have the same effect as though a demurrer had been interposed and sustained.

Judgment affirmed.

Mr. Chief Justice Sands and Associate Justices Matthews, Anderson and Morris concur.