MAGELO, APPELLANT, *v.* INDUSTRIAL ACCIDENT BOARD, RESPONDENT.

(No. 7,553.)

(Submitted December 7, 1936.    Decided December 14, 1936.)

[64 Pac. (2d) 113.]

*Mr. F. W. Mettler* and *Mr. Hugh R. Adair,* for Appellant, submitted an original and reply brief and argued the cause orally.

*Mr. W. W. Mercer* and *Mr. S. C. Ford,* for Respondent, submitted a brief; *Mr. Mercer* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Appeal from a judgment of the district court of Musselshell county. The cause has been before this court on two previous occasions. (See *State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board,* 94 Mont. 386, 23 Pac. (2d) 253, and *State ex rel. Magelo* v. *Industrial Accident Board,* 102 Mont. 455, 59 Pac. (2d) 785.) Rather complete and comprehensive statements of the facts involved are contained in the opinions then promulgated. The above cases will be referred to hereafter as the first and second proceedings.

The first proceeding was an application for a writ of prohibition against the Industrial Accident Board to prohibit it from taking any further proceedings in a phase of the matter then pending before it. An alternative writ and order to show cause were issued, motion to quash the writ was made and argued, and the alternative writ of prohibition made permanent. In that proceeding the court decided two major points then presented, (1) that the order and decision of the Accident Board made in the case on July 8, 1930, was a final and conclusive order, and that it "specifically, absolutely, and permanently denied to Magelo any relief or compensation because of his failure to file notice under the provisions of section 2933, Revised Codes." It was there pointed out that the order was not of the interlocutory type which by virtue of section 2952, Id., vests in the Accident Board continuing jurisdiction, that it was a final

order and, therefore, rendered the subject *res judicata*. No other reasonable conclusion can be deduced therefrom. The point was decided and ample supporting authority cited in support thereof. (2) It was decided that the special Act, Chapter 85, Laws of 1933, was unconstitutional because it was in conflict with the provisions of section 26, Article V, of the Montana Constitution.

A re-examination of the points then decided convinces us that they were decided properly at that time, and that the court should be bound by the decision thereof in the consideration of the matters involved in this appeal.

The second was also an original proceeding and was against the Industrial Accident Board and the district court of Musselshell county. That proceeding came to this court pending the perfection of the present appeal; it likewise decided two major points: (1) It was held that on the record before the court the petition for rehearing then under consideration was filed without time, and that the respondent board was without jurisdiction to entertain the same. (2) That Magelo, claimant, in reporting his accident did not bring himself within the plain mandates of section 2933, supra, nor within the exception contained in the statute. That statute is specific, being one of the sections of the Compensation Act, providing for the manner in which notices of claims for injuries, other than death, shall be made; it provides that no compensation for injuries can be successfully maintained without compliance with this statute.

The present appeal is from a judgment of the district court dismissing Magelo's application for a writ of mandamus to compel the Industrial Accident Board to act upon his petition for a rehearing. That petition was filed in the office of the Accident Board August 23, 1933.

Appellant defines the issues here involved as follows: "Was it not the plain duty of the Industrial Accident Board to determine and decide the controversy as to whether or not service of the order and decision of July 8, 1930, was ever made

as required by the provisions of section 2955, Revised Codes, by passing upon the application of the plaintiff for rehearing filed August 23, 1933, and neither denying nor granting said application." It seems plain to us that the issue thus tendered was passed upon by this court in the second proceeding. It was there decided that the petition for rehearing made by appellant was not filed within the time prescribed by statute. The whole record was before this court then as now. In arriving at the conclusion the court carefully reviewed the facts and the evidence, and it was clearly stated that the service made upon appellant's attorney, Charles F. Huppe, was a sufficient service and notice to the appellant of the decision of the board. We think that the opinion clearly decided the contention adversely to the contentions of appellant here. It was then, as now, claimed that personal service on Magelo was required and that nothing else would have the effect of starting the period running; in other words, the contention was that until the claimant himself was served, his time did not begin to run. The court decided that contention against claimant and held that the service upon the attorney was sufficient and met the requirements of the law. Nothing has been presented to alter that situation or change the opinion of the court.

The present appeal, so far as we can understand it, presents absolutely nothing new for the consideration of the court. The question which appellant styles "sole question in the case" merely begs the questions which we have already answered and disposed of in the two previous opinions of this court.

Much argument has been advanced by counsel for appellant on this appeal to the effect that the so-called "sole question" was not decided in the first proceeding. Such may be the case, as that matter was not squarely before the court at the time. However, in the subsequent proceeding that issue was directly before the court. It seems to us that it would be an idle ceremony to say the point was not passed upon in the second proceeding. We think that it was there absolutely

decided that a sufficient service had been made upon appellant, and that the decision of that point is binding upon appellant and upon this court, and that his contention in that respect must be considered in the light of the former opinions. In those opinions it was held that the Accident Board had performed its full duty in the matter of service upon appellant; that being the case, it is too clear to require argument that mandamus will not here lie against the board. The authorities are in complete accord on the proposition that mandamus lies only to compel the performance of a clear legal duty. (*State ex rel. Blenkner* v. *Stillwater County*, 102 Mont. 130, 56 Pac. (2d) 1085, and cases cited.) Since the board has proceeded in accordance with the previous opinions of this court in the performance of its duties, the application for the writ was not well founded. It necessarily follows that no good purpose could be served by further discussion of the assignments of error. The issues now presented were previously decided in this very cause.

The judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES ANDERSON and MOBBIS concur.

MR. JUSTICE MATTHEWS, being disqualified, takes no part in the foregoing decision.

Rehearing denied January 23, 1937.