TURNBULL, ET AL., APPELLANTS, *v.* BROWN, ET AL., RESPONDENTS.

No. 9191.

Submitted January 9, 1953.   Decided March 27, 1953.

254 Pac. (2d) 1085.

Mr. Raymond F. Gray, Mr. D. E. Olsson, Ronan, for appellant.

Mr. John D. French, Co. Atty., Mr. J. A. Turnage, Mr. Lloyd I. Wallace, Mr. F. N. Hamman, Mr. R. H. Wiedman, Polson, for respondents.

Mr. Gray, Mr. Olsson and Mr. Wallace argued orally.

MR. JUSTICE ANDERSON:

The county commissioners of Lake county, Montana, ordered the office of the county extension agent of that county to be moved from Ronan, Montana, to the county seat, Polson, Montana. The order was dated June 21, 1951.

On the 18th day of September 1951, the plaintiffs filed a complaint to enjoin the county commissioners from carrying out the above order. On the same day the district court issued a temporary restraining order and ordered the defendants to show cause why the restraining order should not be made permanent. Thereafter intervention was sought by other parties and on the 25th day of September 1951, the cause came on for hearing before the district court, upon the motion of the defendants to dissolve the temporary restraining order.

The district court made several factual findings and legal conclusions and by an instrument, called an order, dated January 11, 1952, and filed January 12, 1952, the court concluded as follows: ''The motion of the defendants to dissolve the said

restraining order should be sustained; the motion of the plaintiff to strike from the complaint should be sustained; the objections of the defendants to the filing of the complaint in intervention should be sustained; the motion of the defendants to strike the amended complaint in intervention should be sustained; the motion of the defendants to set aside, annul and dissolve the said restraining order should be sustained.

"Let order be given and made accordingly. The plaintiffs and plaintiffs in intervention may have ten (10) days within which time to file herein exceptions hereto."

From this order plaintiff filed a notice of appeal on January 19, 1952, and before the ten days to file objections had expired. On March 27, 1952, the transcript on appeal was filed in the office of the clerk of this court.

June 5, 1952, defendants filed with this court a motion to strike from the record on appeal, the purported transcript on appeal and to dismiss said appeal. It is urged that the appeal should be dismissed for the following reason, among others: That the order of January 11, 1952, is not a final or appealable order.

Under the applicable statutes relating to appeals to this court, there must be a final judgment or order rendered before review may be had. Beattie v. Hoyt, 3 Mont. 140.

Although the order states that the restraining order *should* be dissolved and that other thing *should* be done, it condemns no one and decrees nothing. That the district judge did not consider the order he signed as a final order is apparent from his own closing words, "Let order be given and made accordingly." Delahoussaye v. D. M. Glazer & Co., La. App., 182 So. 146.

Nothing further having been done by the lower court to enter the order which was to be given and made, the record presented to this court is not perfected because it does not have a final order from which an appeal may be taken.

The appeal is dismissed without prejudice to further proceedings in the cause and without prejudice to another appeal.

ASSOCIATE JUSTICES BOTTOMLY, ANGSTMAN and FREEBOURN, concur.

MR. CHIEF JUSTICE ADAIR, (specially concurring).

On January 12, 1952, the trial judge caused to be filed in the office of the clerk of the trial court, a writing comprising some six typewritten pages indicating the judge's findings as to the facts and his conclusions as to the law.

While the writing is labeled "Order" yet it serves as the trial court's findings and conclusions, R. C. M. 1947, secs. 93-5302 and 93-5303, to which exceptions may be taken and filed. See R. C. M. 1947, secs. 93-5305, 93-5306 and 93-5307.

The concluding paragraph of the so-called "order" reads: "The plaintiffs and plaintiffs in intervention may have ten (10) days within which time to file herein exceptions hereto." But for such quoted paragraph but five days, as prescribed by R. C. M. 1947, sec. 93-5307, would have been allowed for the serving and filing of exceptions to the court's findings and conclusions.

Without serving or filing any exceptions or waiting for the ten days so allowed by the trial court to expire, the plaintiffs on January 19, 1952, and in advance of the entry of any final order or judgment, served and filed notice of appeal from the so-called "order" filed seven days previous.

There has been no final judgment or order entered in this cause. The findings of fact and conclusions of law so filed on January 12, 1952, cannot take the place of a final order or judgment, so as to make the proceedings leading thereto reviewable in advance of the making and entry of such final order or judgment. See Conway v. Fabian, 108 Mont. 287, at pages 302, 303, 89 Pac. (2d) 1022; Woodward v. Perkins, 119 Mont. 11, at pages 14, 15, 171 Pac. (2d) 997; Diebold v. Diebold, 74 Colo. 557, 558, 223 Pac. 46, 47.

For these reasons and upon authority of the statutes and cases above cited I concur in the result ordered.