STATE OF MONTANA ex rel. DON J. RAW, Relator and Respondent v. CITY OF HELENA, Montana; OTTO L. BRACKMAN, Mayor of the City of Helena, Montana; WANNA F. THOMPSON, E. P. LORANZ, JOHN SCHROEDER and ROBERT M. MORGAN, City Commissioners of the City of Helena, Montana; W. J. LEARY, City Manager of the City of Helena, Montana; and NINA J. SETTLES, City Clerk of the City of Helena, Montana, Respondents and Appellants.

No. 10168.
Submitted April 11, 1961. Decided July 19, 1961.
Rehearing denied August 11, 1961.
363 P.2d 720.

Floyd O. Small and Michael G. Chilton, Helena, argued orally, for appellants.

C. W. Leapheart, Jr. and John T. Vance, Helena, argued orally, for respondent-relator.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

The relator, Don J. Raw, a police officer for the City of Helena, Montana, instituted an action in mandamus to compel the respondent, City of Helena, to adjust his salary in accordance with what he felt were the mandates of section 11-1832, R.C.M.1947, as amended by Chapter 28, Session Laws of Montana, 1957, and the decision of this court in Hill v. City of Billings, 134 Mont. 282, 328 P.2d 1112.

Relator was paid a salary during the fiscal year 1956-1957 of $390 per month. In the fiscal year 1957-1958, his salary for July was $390. At a meeting of the City Commission in August, 1957, his salary was increased to $415 per month retroactive to July 1, 1957. In November, 1957, his salary was again increased to $435 per month, which amount he was paid for the remainder of the fiscal year. For the fiscal year 1958-

1959, he was paid the amount of $438.50 per month. This action was instituted to compel the respondent to pay him longevity pay which was claimed should have been added to the salary received during the fiscal years 1957-1958 and 1958-1959.

The respondent's position is that in calculating relator's salary for the above-stated years there had been made a sincere attempt to grant him the longevity pay to which he was entitled.

The relevant statute involved is section 11-1832, R.C.M. 1947, as amended, which reads as follows:

"That from and after July 1, 1957, there shall be paid to each duly confirmed member of the police department of cities of the first and second class of the state of Montana, a minimum wage for a daily service of eight (8) consecutive hours' work, of at least three hundred and fifty dollars ($350.00) minimum per month for the first year of service, and thereafter of at least three hundred and fifty dollars ($350.00) minimum per month plus one per cent (1%) of said minimum base monthly salary three hundred and fifty dollars ($350.00) for each additional year service up to and including the twentieth year of such additional service."

The above statute was construed by this court in Hill v. City of Billings, supra, and in that case this court held that the additional wages (longevity) must be added to the actual current salary and not to the minimum of $350 per month.

The parties agree that the salary of any police officer is to be calculated by adding to the "actual current salary" the proper amount for longevity. Therefore, the issue in the present case is simply: What was the actual current salary received by the relator, Don Raw, on July 1, 1957, the beginning of the fiscal year 1957-1958?

The District Court relying on the above-quoted statute and the Hill case held as follows:

1. That on July 1, 1957, and through July, August, September and October the $415 received by Don Raw as salary was the "actual current salary" referred to in the Hill decision. Therefore, there should have been added to this figure, for the above-stated months, the proper amount of longevity.

2. Thereafter, his salary of $435 was his "actual current salary" and to this amount, for the remainder of the fiscal year 1957-1958 and for the fiscal year of 1958-1959, there should have been added an amount for longevity.

On appeal to this court the presumption is that the findings and the judgment based thereon are correct and such findings must be sustained if they are supported by substantial evidence. State ex rel. McCarten v. Corwin, 119 Mont. 520, 177 P.2d 189; State ex rel. Anderson v. Gile, 119 Mont. 182, 172 P.2d 583. It was stated in In re Mullen's Estate, 97 Mont. 144, 155, 33 P.2d 270, 273: "This court will not reverse a judgment unless the evidence strongly preponderates against the decision of the trial court, and where there is a conflict in the evidence, and it furnishes reasonable ground for differing conclusions, the judgment will not be disturbed on appeal."

However, it is apparent from the record that the amounts of $415 and $435, received as salary by the relator during the fiscal year 1957-1958, could not be used as a basic salary (i. e., the actual current salary) to which longevity should be added. The reason we make this determination is because these amounts contained longevity. It was not contradicted that the city commission in establishing the salaries of the police officers for the 1957-1958 fiscal year intended that the longevity requirements of section 11-1832, R.C.M.1947, as amended, be fulfilled. This statute in part requires that police officers be paid for longevity at the rate of one percent of the minimum base monthly salary of $350 for each additional year of service up to and including the twentieth year of such service. Although the city commission was in error in the method of calculation of

the relator's salary, there is no doubt that they attempted and did grant longevity as required by statute.

It was stated by the City Manager, W. J. Leary: "In every case, every policeman, salary was figured and longevity added, to see how it would affect them, and in every case we wanted to make sure that at least the minimum salary was paid." Mayor Brackman was asked: "Did you or did you not specifically figure longevity into their salaries for the year 1957-1958?" He stated: "Yes we did."

The foregoing testimony establishes the fact that the salary of $415 and $435 received by relator included an amount for longevity. Therefore, those amounts could not be used as the basis on which to add additional longevity. The phrase "actual current salary" is the basic salary received by an officer at the beginning of each fiscal year. It does not include longevity.

█ A salary calculated in the manner suggested by the relator could result in the following: An officer, whose salary on July 1, 1957, was $350 per month and who had ten years of prior service would receive during the fiscal year a salary of $385 per month. The $350 being the base pay, and the $35 constituting the amount of longevity specified by statute for ten years of service. At the beginning of the fiscal year of 1958-1959, if the contention of the relator were followed, the $385 would become the basis to add eleven years longevity (which would amount to $38.50) to make a total salary of $423.50 per month. This pyramiding of longevity surely was not the intention of the legislature nor of this court in the Hill case. The proper method of calculation would require that in the fiscal year of 1958-1959 there should be added to the base salary of $350 per month the amount constituting eleven years longevity. Thus, it is to the base salary and not to the base salary plus longevity that longevity is added.

It is a matter of some speculation as to what the "actual current salary" for relator was or should have been on July 1, 1957. However, there is testimony in the record indicating

that it would have been set at $390 per month, which was the salary received up to the retroactive raise granted in August of 1957 had the city commission been able to anticipate the result of the Hill case decided the following year. In addition, it was stated by Mayor Brackman, that the increase granted to relator for the 1957-1958 year was intended to represent a *longevity increase.* In the prior fiscal year, Raw had received the sum of $390 per month. Therefore, it is the opinion of this court that the actual current salary, upon which longevity should have been added, was the $390 per month which relator Raw was receiving during the fiscal year of 1956-1957.

As the basic salary, upon which the longevity should have been added, was $390 and not the figures of $415 and $435, the district court was in error in granting the peremptory writ of mandate. It is established in this state that the writ of mandate issues only when the person seeking it is entitled to have the defendants perform a clear legal duty. State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 P.2d 256, 2 A.L.R.2d 1050; State ex rel. Furnish v. Mullendore, 53 Mont. 109, 161 P. 949; Magelo v. Industrial Acc. Board, 103 Mont. 477, 64 P.2d 113. The party must establish a clear legal right in himself and a violation of a duty by the officer sought to be coerced. State ex rel. Blenkner v. Stillwater County, 102 Mont. 130, 56 P.2d 1085. There existed no legal right in relator. The city was paying what they were required to pay, the actual current salary plus longevity. Since the city commission was proceeding in accordance with their statutory duty the writ of mandate was not well-founded.

The cause is remanded to the district court with instructions to vacate and annul the peremptory writ and dismiss the action.

It is so ordered.

MR. JUSTICES ADAIR and CASTLES concur.

On Petition for Rehearing.

Upon petition for rehearing, relator contends that a companion case wherein Chief of Police John Fred is the relator was heard by the district court and a writ of mandate issued therein; that such companion case was appealed and argued and briefed by both parties, and that this court has overlooked such appeal in its opinion herein. This opinion covered an appeal from a peremptory writ of mandate entered in a case involving Don J. Raw, as relator, and it is true that testimony was taken covering several companion cases at the same trial, and counsel stipulated that in order to avoid a separate trial of all the causes, the testimony and evidence given therein might be considered as though given in separate trials of each of said applications. The record discloses that at the conclusion of the hearing this coloquy between counsel and the court occurred:

"Judge Loble: Can it be agreed that Judge Fall and I will decide the case of Don Raw and that the other cases will be held in abeyance until such time as either our decision is final or the Supreme Court passes on it?

"Counsel: That's agreeable.

"Judge Loble: May it also be agreed that although the other cases are all submitted under this stipulation, that the Court will on application of either party re-open the other cases for the purpose of hearing further testimony, should either our decision or that of the Supreme Court be such that you find it necessary to offer additional testimony; something might come up like that.

"Counsel: That's agreeable.

"Judge Loble: So you are not foreclosed in the other cases. With that, the cases will be deemed submitted upon receipt of the briefs required to be filed herein."

This would indicate that no final order was ever made in the case involving John Fred or any other relator, and none

appears in the record before us, nor any notice of appeal therefrom.

This court has held that there must be a final judgment from which an appeal may be taken before we are vested with jurisdiction to make a determination. See Ringling v. Biering, 83 Mont. 391, 272 P. 688; Heater v. Boston & Montana Corp., 84 Mont. 500, 277 P. 11; Corcoran v. Fousek, 125 Mont. 223, 233 P.2d 1040; Turnbull v. Brown, 126 Mont. 548, 254 P.2d 1085.

While counsel have attempted in this cause to have this court render an opinion affecting other law suits, certainly we have no jurisdiction to do so, and it was clearly the intention of the district judges that when the instant Raw case opinion came down the other causes would be re-opened, if necessary, and then final decisions would be made. So far as the record before us is concerned, there is no final decision of any kind in the Fred case or any other case except that of Raw.

As to the other contentions made by relator in his petition for rehearing we deem them without merit.

The petition for rehearing is denied.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, CASTLES and DOYLE concur.