412

ROBERT K. JOHNSON, PLAINTIFF AND APPELLANT, v. THE CITY OF BOZEMAN ET AL., DEFENDANT AND RESPONDENT.

No. 14146.
Submitted on Briefs Oct. 18, 1978.
Decided Nov. 20, 1978.
587 P.2d 359.

McKinley Anderson, Bozeman, for plaintiff and appellant.

Berg, Angel, Andriolo & Morgan, Bozeman, for defendant and respondent.

MR. JUSTICE DALY delivered the opinion of the Court.

This appeal is brought by Robert K. Johnson, former Chief of Police of the City of Bozeman, Montana, from the ruling of the Eighteenth Judicial District Court, Gallatin County, denying his claim for unpaid longevity pay during his tenure as police chief.

Johnson was a city policeman in Bozeman for fourteen years be-

fore his appointment as Chief of Police in 1970. He retired in 1976 and shortly thereafter presented a claim for $7,242.50 for unpaid longevity pay, contending that he was entitled to that amount under section 11-1815, R.C.M.1947. That section provides that the salary of the police chief of a first-class city must be ". . . at least six hundred fifty dollars ($650) per month, plus one percent (1%) of said minimum base monthly salary for each additional year of service up to and including the twentieth year of such additional service . . ."

In denying his claim the District Court held that since Johnson had throughout his tenure as Chief of Police received more monthly wage than the statute required, he was not entitled to more under section 11-1815. Appellant contends the District Court failed to properly apply the longevity provision of section 11-1815 in that it assumed any amount for longevity must be added to the statutory minimum wage and not to his actual current salary.

The legal issues presented by appellant are:

1. Are the District Court's findings of fact and conclusions of law supported by substantial evidence on the record?

2. Is a police chief's longevity pay to be added to his actual current salary or to the minimum base pay established by section 11-1815, R.C.M.1947?

Because the second issue appears dispositive of both legal questions in this case, only it need be discussed fully. The question of how police longevity pay is calculated has twice been before this Court. In *Hill v. City of Billings* (1958), 134 Mont. 282, 328 P.2d 1112, the plaintiff was a member of the Billings police department who brought an action for declaratory judgment on the meaning of section 11-1832, R.C.M.1947, which contains a one percent per year longevity provision for policemen identical to the longevity provision in section 11-1815 for police chiefs. In that case the Court concluded that "the added wages must be added to the actual current salary and not to the minimum of $350 per month." 134 Mont. at 286, 328 P.2d at 1115. Three years later, in *State ex rel. Raw v. City of Helena* (1961), 139 Mont. 343, 347, 363 P.2d

720, 722, the Court held that the "actual current salary" of a police officer is "the basic salary received by an officer at the beginning of each fiscal year. It does not include longevity." Thus, the Court ruled that "it is to the base salary and not to the base salary plus longevity that longevity is added." 139 Mont. at 347, 363 P.2d at 722.

Several years later the legislature added section 11-1832.1, R.C.M.1947, to the Metropolitan Police Law. Ch. 266, Section 2, Laws of Montana (1967). That section provides that "added salary for years of service will be based on the base monthly salary as established in this act and not on the actual current salary."

It is clear that section 11-1832.1 requires the one percent figure to be obtained by multiplying the number of years of past service by one percent of the statutory minimum wage, in this case $650. The major departure between appellant Johnson's and the City's position is what that figure is to be added to. Johnson contends that it must be added to his "actual current salary and not to the minimum of [$650] per month" as held in *Hill*. The City contends that section 11-1832.1 overrules *Hill* by requiring only that a city add the additional one percent per year figure to the minimum statutory salary. Under the City's interpretation of section 11-1832.1, the minimum wage provision of section 11-1815 is to be viewed as establishing a fixed minimum for all police chiefs who have served a given number of years. In other words, a city may not pay a police chief who has one year of previous service a monthly wage of less than $650 plus $6.50 longevity. The minimum for such a police chief with one year's service is always $656.50 per month. If a city adopts a wage scale higher than the statutory minimum of $650, it will not be required to add $6.50 per month for each year's service to the higher salary. Thus, if a police chief with year's experience has a monthly salary of $800, the city is not required to pay him an additional $6.50. It has already met and exceeded its statutory requirements.

As Mr. Justice Castles expressed in his dissenting opinion in *Hill*, "[t]he act established a minimum for all cities of the class and was

not designed to increase pay in individual cases where the officer was already above the minimum." 134 Mont. at 289, 328 P.2d at 1116.

The wording of section 11-1832.1 does not clearly favor either appellant Johnson's position or respondent City's position. It says only that the added salary to which an officer's past service entitles him is to be *based upon* the "base monthly salary as established by this act." The added salary is not to be based upon his "actual current salary". "Actual current salary" is a concept which was not known to the Metropolitan Police Law (sections 11-1801 to -1837, R.C.M.1947) until the *Hill* decision. By its 1967 amendment, the legislature directed the cities to "base" additional salary for longevity upon the statutory minimum salary rather than upon the "actual current salary". While the code compiler chose to entitle this section "Basis in *computing* added salary" (emphasis added), the session law contains no similar title. Ch. 266, Section 2, Laws of Montana (1967). Thus, the statute itself does not clearly limit its operation to the *computation* of what the additional amount is. "Based on" may equally refer to the amount of salary to which the additional amount is *added.* In any case, the legislature has indicated, without qualification, that "actual current salary" is a concept which is not to be used when determining additional salary for longevity. Under these circumstances, the "actual current salary" concept of *Hill* and *Raw* is best treated as being overruled by section 11-1832.1. By that section, the legislature appears to require that additional salary be both *calculated by* and *added to* the "base monthly salary as established in this act, and not on the actual current salary."

The only remaining question is whether section 11-1832.1 applies to section 11-1815 dealing with the salary of police chiefs as well as 11-1832 dealing with the salaries of other policemen. It appears that both parties to this appeal assume that it does. Appellant relies on decisions under section 11-1832 and respondent expressly contends that section 11-1832.1 applies to the problem of police chiefs' pay. By its wording, section 11-1832.1 refers to "this act",

apparently in reference only to Chapter 266 of the 1967 session laws. Section 11-1832.1 was originally enacted as Section 2 of that chapter, which also amended the amount of the policemen's minimum wage. Ch. 266, Laws of Montana (1967). The legislature was clearly responding to the *Hill* and *Raw* decisions by its use of the words "actual current salary". Those decisions dealt only with section 11-1832. Yet the wording of section 11-1815 dealing with longevity pay for police chiefs is not any different from the wording of section 11-1832, so the legislature's intent to clarify section 11-1832 should apply to section 11-1815 as well.

Section 11-1815 establishes a minimum wage scale for police chiefs, which rises with each previous year's service up to twenty years by one percent of the statutory minimum. The additional pay for past service must be added to the minimum wage as established by section 11-1815, and not to the actual current salary, if that amount is in excess of the minimum wage.

The judgment of the District Court is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON, SHEA and SHEEHY concur.