No. 80-332

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

CARLEY D. NYQUIST,

       Plaintiff and Appellant,

   -vs-

DONALD H. NYQUIST,

       Defendant and Respondent.

Appeal from:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Peter Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        Knight, Dahood, McLean & Everett, Anaconda,
        Montana

    For Respondent:

        Ralph T. Randono, Great Falls, Montana

Submitted on Briefs:  May 1, 1981

Decided:  July 30, 1981

Filed:  **JUL 30 1981**

Thomas J. Kearney
                Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Plaintiff Carley Nyquist appeals from the findings of fact, conclusions of law and order entered in the First Judicial District Court, Lewis and Clark County. Plaintiff petitioned the court to hold defendant in contempt of court for failing to make maintenance payments. Defendant petitioned the court to modify the maintenance payments due to plaintiff under the parties decree of divorce. The order of the District Court terminated defendant's responsibility for maintenance of the plaintiff.

Plaintiff and defendant were married in September 1949, in Spokane, Washington. In September 1973, a decree of divorce was entered by the District Court of the First Judicial District, Lewis and Clark County. The decree required defendant to pay child support of $100 per month for their minor child, Dirk Nyquist. The decree further ordered defendant to pay maintenance to the plaintiff in the amount of $500 per month from October 1, 1973 until October 1, 1974, and then $400 per month thereafter. Additionally, defendant was required to pay the premiums necessary to maintain health and hospital insurance coverage for the plaintiff.

When the decree was entered, plaintiff was employed as a part-time clerk. She subsequently attended and was graduated from a beauty school. Presently, she is employed as a full-time beautician in Anaconda, Montana. Her average monthly income from this employment is approximately $350 to $400 per month.

At the time of the decree, defendant was employed as an official court reporter for the District Court of the Eighth

Judicial District, Cascade County. Defendant is currently employed in the same capacity and also engages in additional private court reporting.

In 1979, defendant suffered serious medical problems necessitating amputation of one leg. Defendant was unable to work for a seven-month period from June to December 1979. The defendant returned to work as a court reporter part-time in January 1980. He resumed full-time employment in March 1980.

Defendant's salary as a court reporter is $18,000 per year. His outside income varies from year to year. Testimony at the hearing established that defendant's net income for 1977 was $29,681. For 1978, his net income was $20,694. In 1979, due to his medical problems, defendant's net income dropped to $15,500. During the first five months of 1980, defendant's net income was $7,050. The defendant also testified that his private work declined as a result of the amputation of his leg.

Due to his medical problems, the defendant filed a petition for modification of the decree of divorce on September 13, 1979. Plaintiff subsequently filed an affidavit in support of an order to show cause why the defendant should not be held in contempt for failure to comply with the decree of divorce.

These petitions were heard on June 4, 1980, and on July 28, 1980. On June 4, 1980, the defendant appeared and testified. Neither plaintiff nor her counsel appeared at this hearing due to lack of notice. The parties later stipulated that the record could be reopened in order to allow the plaintiff to present her testimony. The plaintiff appeared and testified on July 28, 1980.

Proposed findings of fact and conclusions of law were submitted by the parties and on August 26, 1980, the District Court entered its findings of fact, conclusions of law and order. The court found that defendant was current in his child support and life insurance payments and entered findings regarding the amount of maintenance defendant had paid to plaintiff. The court further entered findings with regard to defendant's income and debts and plaintiff's need for maintenance.

The court concluded that the parties economic circumstances had changed materially since the entry of the decree of divorce. The court then entered the following order:

> "IT IS HEREBY ORDERED that the defendant is no longer responsible for the maintenance of the plaintiff herein.

> "FURTHER IT IS ORDERED that the defendant make the support payment of $100.00 a month as and for support of the minor child, Dirk Nyquist, to the date the minor child reaches the age of 18.

> "FURTHER IT IS ORDERED that the defendant shall continue to make the premium payments on the plaintiff's life insurance policy."

The issues to be decided by this Court are:

1. Whether the District Court erred in failing to order defendant to pay delinquent maintenance payments?

2. Whether the District Court erred in terminating defendant's responsibility to make maintenance payments?

The first issue presented on appeal is not properly before this Court. It has long been held by this Court that ". . . there must be a final judgment from which an appeal may be taken before we are vested with jurisdiction to make a determination." State v. City of Helena (1961), 139 Mont. 343, 350, 363 P.2d 720, 723; Rule 1(a), M.R.App.Civ.P.

In the case at bar, the issue of maintenance arrearages was presented to the District Court by the plaintiff. In

-4-

the findings of fact set forth by the District Court, the following finding was made:

> "4. That the defendant was ordered to pay the sum of $400.00 a month as and for maintenance of the plaintiff commencing the 1st day of October, 1974. That the defendant made all of said payments as required and made all the payments through 1978 and in fact over paid the plaintiff as follows: That for the year 1979 the defendant paid the sum of $1,400.00 before becoming ill. That through the years, 1974 through 1978, the defendant had over paid alimony in the amount of $4,153.00."

No conclusion of law is ever drawn from this specific finding. The District Court's only conclusion of law regarding maintenance on the part of the defendant is entirely prospective. The conclusion reads:

> "4. That there are material changes in the circumstances of the defendant's ability to pay and that the defendant shall no longer be required to pay the maintenance to the plaintiff." (Emphasis added.)

From this conclusion, the District Court rendered the following order regarding maintenance:

> "IT IS HEREBY ORDERED that the defendant is no longer responsible for the maintenance of the plaintiff herein." (Emphasis added.)

It is apparent from this order that the maintenance spoken to is future maintenance, not past maintenance.

The District Court made no conclusions with respect to accrued maintenance under the decree. No final judgment has been rendered. Such a determination is necessary before this Court is empowered to review. As a result, this issue must be remanded for further proceedings and final adjudication.

The second issue presented on appeal stems from the District Court order that ". . . the defendant is no longer responsible for the maintenance of the plaintiff . . ." This order was based on the District Court's conclusion of law that ". . . material changes in the circumstances of the

defendant's ability to pay [maintenance] . . ." existed.

This order and conclusion resulted from the District Court's following findings of fact:

"5. That the defendant became seriously ill and was hospitalized on April 12, 1979 resulting in the amputation of his leg on June 6, 1979 and continued to be disabled and out of work until January of 1980 when he returned to work part-time and full-time work in March of 1980.

"6. That there are material changes in circum-stances in that the defendant testified that his income had drastically diminished. That the net income of the defendant in 1977 was $29,681.38 and in 1978 was $20,694.48 and the net income of 1979 was $15,509.80. That the net income for the defendant for the first five months of 1980 was $7,053.06.

"7. That in addition thereto the defendant testified and produced evidence that his take home salary is $880.00 per month and that the defendant's living expenses are approximately $2,000.00 per month. That in addition thereto the defendant is indebted to the Internal Revenue Service in the amount of approximately $6,000.00 and the Department of Revenue in the amount of approximately $800.00 for back taxes.

"8. That at the time of the divorce the plaintiff was unemployed. That since that time she has completed beautician school and is employed as a full-time beautician in Anaconda, Montana.

"9. That the court finds that there are material changes in circumstances since the entrance of its decree on the 6th day of September, 1973."

Modification of maintenance payments, pertinent to this case, is governed by section 40-4-208(2)(b)(i), MCA, which provides:

"(b) Whenever the decree proposed for modification contains provisions relating to maintenance . . . modification . . . may only be made:

"(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . ."

In light of the findings of fact made by the District Court, it is apparent that the District Court's decision stemmed primarily from the defendant's decrease in income as a result of his medical problems and the plaintiff's full-time

employment as a beautician.

However, evidence adduced at the hearings only established the defendant's income from 1977 through May 1980. No evidence was presented regarding the defendant's financial position at the time of divorce decree in September 1973. Thus, although a substantial change is apparent in the defendant's financial position between 1977 and 1980, we are not able to determine the original financial position of the defendant in 1973. Therefore, it is impossible to determine whether the defendant's ability to pay has substantially changed from the time of dissolution to the time of petition for modification.

This same evidentiary deficiency exists for the plaintiff. She testified that at the time of the divorce decree, she was working part-time as a clerk. No evidence was adduced regarding her income from such employment. She testified that following her graduation from beauty school she obtained employment at a beauty salon in Anaconda, and her average monthly salary was $350 to $400. From this evidence, it is impossible to determine whether her degree from the beautician school has substantially changed her ability to earn income.

From this evidence, the District Court found that ". . . there are material changes in circumstances since the entrance of its decree on the 6th day of September, 1973." No evidence depicts the situation of the parties as of September 6, 1973.

With regard to modifications under section 48-4-208, MCA, the commission comment states that:

> ". . . the person seeking modification must show
> that circumstances have changed since the date
> of the original order so that the order is
> unconscionable at the time the motion is made and
> will continue to be unconscionable unless modified."
> (Emphasis added.) Uniform Marriage and Divorce
> Act, §316.

No such showing of changed circumstances from the date of original decree has been made. Additionally, the changed circumstances <u>must</u> continue. Evidence presented at the hearing by the defendant established that he had weathered some serious medical problems and was currently back to his official court reporting job plus additional private work. As noted previously, the defendant's court reporter employment earned him income of $18,000 per year. His outside work could only increase that amount. From the evidence, it is clear that the defendant's circumstances are improving from the low point encountered in 1979.

The standard of review applied by this Court is whether there is substantial credible evidence to support the District Court, Rule 52(a), M.R.Civ.P. In light of the record presented in this matter, such support is lacking. Therefore, the order of the District Court must be reversed and the case remanded for proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____
Justices