## No. 10,801.

### DIEBOLD *v.* DIEBOLD.

Decided February 4, 1924.

### Action for divorce. Writ of error dismissed.

1. DIVORCE AND ALIMONY—*Findings—Final Judgment—Review.* The findings of fact and conclusions of law in a divorce action cannot take the place of a final judgment so as to make the proceedings leading thereto reviewable.

2. APPEAL AND ERROR—*Divorce.* In an action for divorce, there being no decree, no order for temporary alimony complained of, and no judgment as to permanent alimony, it is held there is nothing for the appellate court to review.

3. DIVORCE AND ALIMONY—*Setting Aside Findings—Review.* Setting aside findings, or the refusal to vacate them, in a divorce action, is not a final judgment or a reviewable order.

4. APPELLATE PRACTICE—*Dismissing Writ of Error.* The Supreme Court may dismiss a writ of error on its own motion.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Mr. FRANK L. HAYS, for plaintiff in error.

Messrs. STONE & KOCHEVAR, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for divorce. It was tried in the absence of defendant and his counsel. Findings in favor of

plaintiff were made and filed. Thereafter defendant's motion to vacate such findings were overruled. Defendant brings the case here and asks that the writ of error be made a supersedeas.

There has been no final judgment entered in this case. The findings of fact and conclusions of law cannot take the place of a final judgment so as to make the proceedings leading thereto now reviewable. *Hobbs v. Hobbs,* 72 Colo. 190, 210 Pac. 398. There is no temporary alimony complained of. There has been no final judgment as to permanent alimony. In this matter the court in its findings of fact and conclusions of law provided that "upon the granting of the divorce" the plaintiff may have execution for the collection of alimony.

The principal question argued is the propriety of the court's refusal to vacate the findings of fact and conclusions of law upon defendant's motion entitled "motion to set aside default and judgment." There has been no default judgment or any other final judgment. Setting aside findings, or the refusal to vacate them, is not a final judgment or a reviewable order. It could only be reviewed after a final judgment. *Hobbs v. Hobbs, supra.* The foregoing views dispose also of other questions presented by the assignments of error. There is nothing before us which we have the jurisdiction to review. The writ of error may be dismissed on our own motion. *Unzicker v. Unzicker,* 74 Colo. 211, 220 Pac. 495. This is now done. The writ of error is dismissed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.