### No. 11,251.

### WOOD *v.* HAZELET.

Decided June 1, 1925.

Action for labor performed. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   JUDGMENT—*Interest.* Where a party in whose favor a verdict is rendered is entitled to interest, which is not included in the verdict, the court may make the computation and add the interest to the amount of the verdict.

2.  EVIDENCE—*Number of Witnesses.* In a civil action, the fact that plaintiff is the only witness for himself does not support the contention that the verdict is against the weight of the evidence.

3.  *Similar Transactions.* In an action to recover for services rendered, there being a dispute as to the amount of daily wage of plaintiff, exclusion of evidence to the effect that he had had a similar controversy with another employer, held not error.

4.  APPEAL AND ERROR—*No Exceptions—Effect.* Assignments of error based on rulings of the court to which no exceptions are saved will not be considered on review.

5.  *Evidence.* In an action to recover for services rendered there being a dispute as to the daily wage of plaintiff, refusal of the trial court to admit evidence of the prevailing scale of wages, held not prejudicial under the facts disclosed.

*Error to the District Court of Grand County, Hon. Charles E. Herrick, Judge.*

Mr. F. J. KNAUSS, Mr. HUGH GILMORE, for plaintiff in error.

Mr. EDWARD M. AUSLENDER, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover for labor performed under an oral contract. The plaintiff recovered a judgment for $442.95 and interest. Defendant sued out this writ, and applies for a supersedeas.

This verdict was for $442.95. The court, in its judgment, added the interest, and error is assigned to its so doing. It is not claimed that the verdict includes interest. Moreover, it is assumed on both sides that it does not. The record shows that the court regarded the interest as a matter of law, and reserved its computation for itself. This is not a case where the jury refused to allow interest.

In *St. Louis, etc., Ry. Co. v. Oliver,* 17 Okl. 589, 87 Pac. 423, 10 Ann. Cas. 748, it was held that where it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict, and it is clearly ascertainable from the verdict or from uncontroverted facts, the court may make the computation, and add the interest to the verdict. To the same effect is *Collins v. Gleason Coal Co.,* 140 Iowa, 114, 115 N. W. 497, 118 N. W. 86, 18 L. R. A. (N. S.) 736, and *Reed v. C. M. & St. P. Ry. Co.,* 25 Fed. 886. There was no error in adding the interest to the amount of the verdict, in view of the further fact that there is no dispute as to plaintiff's being entitled to the interest.

It is contended that the verdict is manifestly against the weight of the evidence. While plaintiff was the only witness for himself, that fact alone does not support the contention above mentioned. 23 C. J. 19. There is no reason, in this case, for upholding the contention upon any ground.

The plaintiff claimed that defendant agreed to pay him at the rate of $3.75 per day; the defendant insisted that the amount agreed to be paid was $3.00 per day. Error is assigned to the court's refusal to permit defendant to show that plaintiff had a similar controversy with another employer. There was no error in refusing this evidence.

Error is assigned to the court's refusal to admit evidence as to the prevailing scale of wages. There are several assignments to this effect which cannot be considered because no exceptions were saved below to the court's rulings. In one instance, however, an exception was saved, but the ruling had reference to circumstances affecting a place where plaintiff worked only for a few days, at "Camp 5," and having been employed at other places for more than a year, that one ruling, if erroneous, was not prejudicial.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON, sitting for MR. JUSTICE CAMPBELL, and MR. JUSTICE SHEAFOR concur.