No. 12,383.

Martin, et al., v. Way, Receiver.

Decided July 1, 1929. Rehearing denied September 16, 1929.

Mr. Edwin H. Park, for plaintiffs in error.

Mr. Harvey Riddell, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

William A. Way, as receiver of the Kittamac Mines Company, a corporation, defendant in error, hereinafter referred to as plaintiff, brought this action in the district court to enjoin and restrain Norman F. Bawden, as treasurer of the county of San Juan, state of Colorado, from issuing, and Samuel G. Martin from demanding and receiving, a treasurer's deed to certain property involved in receivership proceedings pending in San Juan county. Bawden and Martin will hereinafter be referred to as defendants. Service of process was had, and a notice of application for a temporary injunction was served. At the time of the hearing on the application, the defendants filed a general demurrer, which was overruled, and the temporary injunction issued. The defendants have sued out a writ of error, and ask for a supersedeas, which application is resisted by the plaintiff, and he asks that the supersedeas be denied, and the writ dismissed.

Section 425, Code of Civil Procedure, 1921, provides: "* * * Writs of error shall lie from the supreme court to every final judgment, decree or order * * * in all actions, suits and proceedings, * * *"

The record before us discloses that the only action taken by the trial court was the overruling of a de-

murrer, and the granting of a temporary injunction. The defendants announced that they would stand on their demurrer and it was incumbent upon them if they desired the action thereon reviewed by this court to thereafter see that a judgment was entered. This they did not do. It does not require the citation of authorities to establish the fact that the trial court's action did not amount to the rendition of a final judgment.

We shall treat the opposition of the plaintiff to the granting of a supersedeas as a motion to dismiss, and as such it is granted.

Writ dismissed at the costs of the defendants.

Mr. Chief Justice Whitford, Mr. Justice Adams, and Mr. Justice Campbell concur.