## No. 12,889.

Marysville and Colorado Land Company et al. *v.* Heyde.

(27 P. [2d] 498)

Decided November 13, 1933.   Rehearing denied December 4, 1933.

Mr. Horace C. Skillman, Mr. J. Paul Hill, for plaintiffs in error.

Mr. Charles E. Compton, Mr. S. S. Abbott, for defendant in error.

*In Department.*

524

Mr. Justice Butler delivered the opinion of the court.

Neither the abstract nor the transcript shows any judgment in this case; hence we would be justified in dismissing the writ of error. *Martin v. Way*, 86 Colo. 232, 280 Pac. 488. However, it appears that on April 18, 1931, the court ordered that judgment be entered on the verdict; and as the case is argued here by counsel for both parties on the theory that there was a judgment, we shall proceed on that theory. If the clerk of the district court neglected to enter judgment, he should forthwith enter it nunc pro tunc as of April 18, 1931.

Dora M. Heyde, called herein the plaintiff, sued the Marysville and Colorado Land Company and F. G. Powell, called herein the defendants, to recover possession of certain farm land in Adams county and for damages. She went into possession of the land under a contract of purchase made May 15, 1929. On or before March 13, 1930, the defendants took possession of the land, claiming that the plaintiff had failed to make payments required by the contract. They have retained possession ever since that date. The jury found the issues for the plaintiff and awarded her damages in the sum of $4,076.40.

1. It is said by counsel for the defendants that there was a variance between the pleading and the proof. In a separate defense and counterclaim the defendants alleged a contract to sell the land to the plaintiff for $8,000, payable in installments, a failure to pay an installment of $1,500 due December 1, 1929, a notice of forfeiture, and an entry for such failure to pay. Without pleading an extension of time to pay the $1,500 installment, but under her denial of forfeiture, the plaintiff was permitted to introduce, over the defendants' objection, evidence that the defendants granted an extension of time to make that payment, and that they took possession before the extension period expired. Assuming that this constituted a departure, it was not

prejudicial to the defendants. According to the testimony in behalf of the plaintiff, the extension was granted by Powell, who was the company's president, secretary-treasurer and agent, and who executed the sale contract in the company's behalf. Powell was present at the trial and testified that no extension was granted by him. The defendants, therefore, were prepared to meet the testimony concerning an extension as fully as though the extension had been pleaded. As no substantial right of the defendants was prejudiced by the alleged error, it does not warrant a reversal of the judgment. Code of Civil Procedure, §84.

2. The plaintiff was farming the land at the time the defendants ousted her. She and other qualified witnesses testified concerning the damages sustained, and the court correctly instructed the jury on the measure of damages. It is objected that the damages were excessive and indicated passion and prejudice on the part of the jury. At the time of the trial (February 4, 1931) the plaintiff had been deprived of possession for more than eleven months. In denying the motion for a new trial, the court said: "I have some doubt about the amount of damages that were allowed. I think if it had been left to me I would not perhaps have found as much damages as the jury did, but there was evidence upon which that verdict could be based, a whole lot of evidence as to what this ground produced in beans, and what it had produced in previous years, and that it was of value to these people to stay there on it during the year 1930. I don't believe it is the duty of the court to substitute its judgment for the judgment of the jury at that time."

While the verdict was larger than we might have voted for had we been on the jury, we cannot say that it was not supported by the evidence, or that it indicates passion or prejudice on the part of the jury.

3. We cannot consider the alleged misconduct of one of the attorneys for the plaintiff in his argument

to the jury, as there is nothing in the record to show such misconduct.

Since the case was tried the remaining installments of the purchase price, according to contract, have fallen due. Naturally the record does not disclose whether or not they have been paid. The rights of the parties growing out of the payment or nonpayment thereof are not before us for determination in this proceeding, and we express no opinion with reference thereto.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.