No. 13,894.

SIEBERS ET AL. *v.* LABOR FINANCE CORPORATION.
(64 P. [2d] 1263)

Decided February 1, 1937.

Mr. JAMES R. HOFFMAN, for plaintiffs in error.

Mr. LOUIS A. HELLERSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error obtained a judgment for $148.93 in the district court against plaintiffs in error on a promissory note. Herein reference will be made to the parties as they appeared at the trial, as plaintiff and defendants.

The note was executed by all of the defendants, five in number, and was secured by an investment certificate of plaintiff issued to Hugo R. Siebers, it thereby appearing that Siebers was in reality the principal maker, the note being dated December 7, 1933, and calling for the payment of $168 one year after date. The evidence discloses that the maker received $158 at the time of the transaction and that $42 was paid by him upon the note and the certificate. The note bore no interest until maturity, but the investment certificate required payment of $8.40 semimonthly for ten months and upon full payment of the certificate the interest upon the borrowed money was to be calculated at the rate of eleven per cent per annum upon unpaid balances. March 30, 1935, plaintiff instituted this action to recover judgment for the balance of $126 together with interest and attorney's fees.

The complaint is in usual form, setting out the promissory note and investment certificate in full. Defendants answered, admitting the execution and delivery of the note and receipt of the certificate, but denying the other allegations of the complaint. By further defenses, they admit the receipt by Hugo R. Siebers of $150 at the time of the execution of the note and allege payments on the note and investment certificate in the sum of $42.75 made in installments from December 7, 1933, to March 2, 1934. By way of a second defense they allege that the loan was void under the 1913 Money Lender's Act; in a third defense that it was void under the 1917 Loan Shark Act, and a fourth defense alleges that the interest charged and received was unconscionable, excessive and unreasonably oppressive. General and special demurrers were filed and sustained to the second, third and fourth defenses, the order of court made at the time being as follows: "And thereupon, this cause coming on to be heard upon the

42

plaintiff's demurrer (general and special) to the 2nd, 3rd, and 4th defenses in defendants' answer, the same is argued by counsel, and the court being now sufficiently advised in the premises, doth sustain said demurrer.

"And, thereupon, it is ordered by the court that the said defendants may have time and until ten (10) days from this day within which to elect their future course herein."

The abstract of the record filed herein, contains the following: "On October 2, 1935, the demurrers were sustained and thereafter trial had on the first defense only, the defendants electing to stand on the pleadings as determined by the demurrer as to the second, third and fourth defenses."

Trial proceeded on the issues formed by the complaint and first defense and judgment entered thereon. The record is silent as to any election on the part of defendants to stand on the pleadings as made by the order sustaining the demurrer, also as to any motion by defendants for the entry of final judgment of dismissal as to the second, third and fourth defenses entered. The only error now urged by them is that of the trial court in sustaining the demurrers. If they desired to have the alleged error based upon this ruling, reviewed by this court, it was incumbent upon them to see that final judgment was entered. *Martin v. Way*, 86 Colo. 232, 280 Pac. 488; *Crews-Beggs D. G. Co. v. Bayle*, 96 Colo. 19, 40 P. (2d) 233. There being no such final judgment before us upon which *this* error could be predicated, or the writ prosecuted, the defenses referred to having been thus abandoned, the writ of error herein is dismissed and the judgment affirmed.

Mr. Chief Justice Burke and Mr. Justice Knous concur.