## No. 14,926.

### MELVILLE ET AL. *v.* WEYBREW ET AL.
(120 P. [2d] 189)

Decided November 17, 1941.   Rehearing denied December 8, 1941.

Mr. I. B. MELVILLE, pro se, and for plaintiffs in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. WINSTON S. HOWARD, Mr. LOUIS O. KELSO, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

IN the case of Melville, et al. v. Weybrew, et al., decided April 8, 1940, and reported in 106 Colorado reports at page 121, 103 P. (2d) 7, (certiorari denied by the United States Supreme Court November 12, 1940. See, 311 U.S. 695, 85 L. Ed. 84, 61 Sup. Ct. 140), we refused to disturb the judgment of the district court appointing a receiver pendente lite for the District Landowners Trust entered in a proceeding ancillary to a principal action between the same parties in which plaintiffs, defendants in error here, had asked for the dissolution of such trust, distribution of its assets to the beneficiaries,

and for an accounting. Arising in the same litigation, the proceeding in error presently under consideration is prosecuted by the District Landowners Trust, and H. G. Day and I. B. Melville as individuals and trustees, defendants below, and who, among others, were plaintiffs in error in the former case. As originally filed the assignments of error in the case at bar were numbered in arabic figures from 1 to 8. Under assignment No. 2 were set out eight grounds of objections, apparently designed to show the validity of such assignment, also numbered in arabic numerals from 1 to 8. In the abstract the last mentioned group of objections, although originally made subsidiary to a principal assignment of error, as noted above, are set out as eight basic assignments and the original eight denuded of the subsidiary grounds, with assignment No. 3 omitted, follow as a separate collection. Each set of assignments of error so presented is numbered from 1 to 8 in arabic form and thus the assignments are not subjects of intelligent reference without some supplied means of identification. To accomplish such we shall adhere to the style of the original assignments of error and consider that but eight of such are submitted and that the second thereof has eight subsidiary grounds of objection appended to it.

Under such form of designation, assignments numbers 2 and 3 charge that the court was in error in overruling certain demurrers to the complaint which were filed on May 16, 1940. As corollary to such challenged action, assignments of error 6 and 7 are grounded upon the refusal of the trial court to enter judgment against these plaintiffs in error in the principal action following their election to stand on the overruled demurrers. Assignments numbers 1, 4, 5 and 8 are directed to the alleged error of the court in refusing to discharge the receiver on the motion of plaintiffs in error. Thus the errors advanced may be divided into two groups: the first of which has to do with the trial court's action in overruling certain demurrers to the complaint in the

principal cause and the procedure which followed; the other with the refusal of the court to discharge the receiver.

As pertinent to the first group of assignments of error an examination of the record discloses that on May 16, 1940, three demurrers *"to the complaint herein"* were filed: the first by defendants Melville, Day, Sackmann and Cutler as individuals; the second by the same defendants as trustees; and the third by the District Landowners Trust. Except for the noted difference as to the moving parties, these demurrers were identical and subparagraphs 1 to 8 of assignment number 2 constitute a verbatim copy of the grounds of demurrer therein advanced. In due course, and after argument, the district court overruled all three demurrers. Soon after this decision the defendants Monson, Sackmann and Cutler filed their accounts and withdrew their previous election to stand on the demurrers. Ultimately, arguments and continuances intervening, the three defendants who prosecute this proceeding in error, were given twenty days by the court in which to answer the complaint. This they failed to do and their defaults were noted. Upon that occasion, as previously, they announced their intention to stand on their demurrers. Following such event the trial court appointed an accountant to prepare and submit an account between the parties preparatory to the final determination of whether a judgment should be entered and, if such was indicated, in what amount. So far as the record discloses the principal action reposes in that state.

■■ As has been mentioned, plaintiffs in error contend that instead of proceeding as it did, the trial court, then and there, as a matter of course should have entered a "final judgment" against them. When it is considered that the relief sought by the complaint involved the taking of an account and the proof of the facts attendant thereto antecedent to the rendition and entry of any final judgment against any of the defendants,

and that no opportunity for such preliminaries had been afforded, the present inavailability of plaintiffs in error's contention, because of its prematurity, is apparent. When a demurrer to a complaint is overruled and the demurrant fails to plead further, the cause proceeds as upon default. Code, section 80; *Williams v. Hankins,* 79 Colo. 237, 245 Pac. 483. Under our Code, upon default in an action wherein "the taking of an account, or the proof of any fact" is "necessary to enable the court to assess damages or give judgment," final judgment need not be rendered, and ordinarily is not, until the amount of the damages is so assessed by a jury, referee or court as the nature of the action shall dictate. Code, section 186; *Williams v. Hankins, supra.* Thus the trial court was well within its lawful discretion in proceeding as it did, and assignments of error numbers 6 and 7 are without merit.

The state of the record as disclosed by the foregoing discussion also demonstrates the inefficacy of assignments numbers 2 and 3 directed to the alleged error of the district court in *overruling* the demurrers under consideration. Obviously these demurrers, as appears from their face as well as the record itself, were directed to the complaint in the principal action and not to the ancillary petition for a receivership. It also definitely appears from the record, as has been pointed out, that no final judgment as yet has been entered in the principal action. In this situation error cannot be predicated on an order overruling a demurrer to the complaint. See, Code, section 425; *Siebers v. Labor Finance Corporation,* 100 Colo. 40, 64 P. (2d) 1263; *Martin v. Way,* 86 Colo. 232, 280 Pac. 488; *Commercial Credit Co. v. Higbee,* 88 Colo. 300, 295 Pac. 792; *Andrews v. Loveland,* 1 Colo. 8, and *Boxwell v. Greeley Bank,* 89 Colo. 574, 5 P. (2d) 868.

We pass now to the consideration of assignments numbered 1, 4, 5 and 8, all of which pertain to the alleged error of the court in refusing to discharge the

receiver upon the motion of plaintiffs in error. The order upon such motion, although intermediate in a sense, expressly is made reviewable on error, before final judgment, by Colorado Supreme Court Rule 18. Condensed, the motion for the discharge of the receiver alleged: " * * * (a) the appointment of said receiver was improvidently made, in that plaintiffs herein were and are without legal capacity to institute or maintain this action; that (b) the court was and is without jurisdiction of said cause; that (c) the complaint does not state facts sufficient to constitute a cause of action against these defendants; (d) the complaint does not state facts sufficient to warrant the appointment of said receiver; that (e) no competent evidence was presented to the court by plaintiffs to sustain the appointment of a receiver; that (f) the burden of proof was placed upon these defendants to show cause why said receiver should not be appointed." In (f) reference also is made to the action of the court in overruling the demurrers hereinabove discussed, but the questions thereby suggested are answered by our previous comment. Continuing, the motion charged that said receiver knowingly has failed and neglected: (g) to collect a past due indebtedness from the East Denver Municipal Irrigation District; (h) to collect from tenant farmers moneys owing for irrigation water furnished to them by the trust; (i) to pay any of the property taxes due and payable August 1, 1940, on lands owned by the trust; (j) to furnish the trust's tenant farmers any material for repairing fences and structures, although money in excess of such requirements has been collected from crop rentals; (k) to pay current bills of the trust; (l) has paid his own salary and expenses, and the salary of his attorney appointed by the court, from funds of the trust; (m) will continue in his failure and neglect to pay taxes and so jeopardize the real property of the trust; (n) will continue to refuse to furnish materials for repair of fences and structures of the trust until such time as they become so

delapidated that the lands on which the same are situate will not be salable and tenant farmers cannot be obtained to till the same.

■ In effect assignments of error numbers 1, 4, 5 and 8 raise issues as to the correctness of the trial court's holding on each and all of the grounds of the motion to discharge. A perusal of the motion, as well as the assignments pertaining thereto, reveals that asserted grounds (a), (b), (d), (e) and the first portion of (f) are based upon the alleged invalidity of the appointment of the receiver in the first instance. These questions were resolved adversely to the contention of plaintiffs in error in *Melville v. Weybrew,* 106 Colo. 121, supra, wherein we upheld the judgment initially appointing the present receiver. Clearly that decision is res judicata as to these matters and the same were concluded thereby. Ground (c) of the motion to discharge challenges the sufficiency of the complaint. If this contention refers to the action of the court in overruling the demurrers to the complaint hereinabove discussed, its ineffectuality is made to appear from our disposition in that connection. If it is construed as a challenge to the sufficiency of the factual allegations of the complaint and petition for receivership to state a right of action for the appointment of the receiver, the matter is entirely settled and concluded by our decision in *Melville v. Weybrew, supra.*

■ The remaining grounds of the motion for discharge, (g) to (n) inclusive, specifically charge misfeasance of the receiver as an alleged basis for his removal. Manifestly, to warrant the judicial action sought it was incumbent on plaintiffs in error to establish these charges by proof. Notwithstanding such salient requirements, upon the hearing of the motion, in so far as the record discloses, no evidence whatsoever was offered, save that a newspaper which counsel stated "published the official tax notices of sale on December 20, 1940" was offered in evidence and two items of such news-

paper were marked as exhibits and received. These exhibits, under the respective headings of: "Denver Landowners Trust," and "East Denver Municipal Irrig. Dist.," contain a printed description, by legal subdivisions, of certain lands with the data concerning the acreage, valuation and amount of the tax due, such as ordinarily are included in the published notices of delinquent taxes. No evidence was introduced to explain or identify the exhibits or to show what interest, if any, the trust had in the lands described, nor was proof offered whereby the court might ascertain whether such taxes remain unpaid; in what year or years the same were levied; or whether the receiver had on hand funds with which to pay any taxes. Clearly these unsupported exhibits were insufficient to establish that the receiver had "knowingly failed and neglected to pay any of the property taxes due * * * August 1, 1940, on lands owned by the trust, * * * " (ground [i] of the motion) or to establish ground (m) thereof.

██ Plaintiffs in error have incorporated in the record an order of the court allowing special counsel and receiver's fees, and another authorizing the payment of certain fees to the receiver and his attorneys. If it is intended that such, as evidence, provide support for allegation (1) of the motion, to the effect that the receiver wrongfully has used trust funds to pay the fees of himself and attorneys, the effort is of no avail, since a receiver hardly could be found guilty of misfeasance, or removed, for making such expenditures, when the same were formally authorized by the court. If these orders were included in the record as subjects of review, such cannot be had herein, because of their interlocutory character.

It appears that the record is wholly devoid of evidence establishing the truth of the allegations of the motion as set out in subdivisions (g) to (n) inclusive, or of the grounds specified in sections (a) to (f) inclusive, thereof; consequently, for the reasons above set forth, we

hold that the trial court committed no error in its ruling, as to the grounds presented, of which complaint is made.

The plaintiffs in error further contend that the actions of the court challenged by assignments of error numbers 4, 5, 6, 7 and 8, were in violation of the due process clauses of the federal and state Constitutions. The mere fact that a person is unsuccessful in court in a matter involving his property, seemingly the principal basis for constitutional objection here, does not, in itself, show that there has been a violation of the due process of law guaranty. 12 Am. Jur., p. 273, §577. The transactions questioned all arose in the regular course of judicial proceedings in a cause within the jurisdiction of the district court. We have held herein that the decisions of such court on the reviewable orders were not erroneous and it appears that the interlocutory rulings of which complaint was made related to matters of pleading and procedure necessary of disposition by the lower court in the course of the litigation and which, after final judgment therein, if erroneous, may be subject to correction by review. In these circumstances no violation of the due process guaranty has occurred in this proceeding. See, *Taylor v. Hake*, 92 Colo. 330, 20 P. (2d) 546.

The judgment denying the motion to discharge the receiver is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK did not participate.

MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE dissent.