No. 17,212.

VANDY'S, INC., ET AL. *v*. NELSON ET AL.
(273 P. [2d] 633)

Decided July 19, 1954.

Mr. WILLIAM R. KELLY, Mr. JOHN R. CLAYTON, for plaintiffs in error.

Mr. KARL R. AHLBORN, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE refer to the parties as they appeared in the trial court where defendants in error were plaintiffs, and plaintiffs in error were defendants. George D. Nelson and Nellie Nelson are husband and wife. By their complaint they demanded damages occasioned, as plaintiffs alleged, by negligence of defendants. Mrs. Nelson claimed $20,526.52 for personal injuries, and her husband demanded $2,500.00 for loss of his wife's services and society during the time she was in the hospital and thereafter while recuperating from her injuries. After issue joined, trial was to a jury and its verdict was in favor of plaintiffs in the sum of $526.52. Judgment was entered on the verdict April 3, 1953, and defendants were granted twenty days time within which to file motion for new trial. On April 11, 1953 plaintiffs filed motion for new trial "on issue of damages only" basing the motion on asserted inadequacy of the money judgment awarded plaintiffs, and that the amount arrived at by the jury must have been "through prejudice and bias on the part of the jury or a complete misconception of the evidence and the instructions." On May 14, 1953 the trial court granted plaintiffs' motion and set aside the

verdict in so far as it related to damages, and directed that a new trial be had on the issue of damages only.

May 19, 1953 counsel for defendants filed a motion asking that the court overrule the motion for new trial and "either enter judgment on the verdict of the jury or amend said order granting a new trial to include all of the issues as raised by the Complaint and Answer herein." This motion of counsel was denied on May 25, 1953. Defendants bring the cause here by writ of error asking that we order the trial court to vacate its order for a trial of the case on the sole issue of damages, and direct that the cause be tried on all issues presented by the pleadings.

Rule 111 (a) R.C.P. Colo., states: "A writ of error shall lie from the supreme court to: (1) A final judgment of any district, county, or juvenile court in all actions or special proceedings * * *." It is obvious that there is no final judgment in the instant action.

Our rules and decisions discourage the review of a cause piecemeal. The order which we are asked to review is not a final judgment in the cause, but interlocutory, to which a writ of error will not lie unless expressly authorized by rule or statute. We have no such rule or statute.

"A final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties thereto involved in that suit." *County Court v. Eagle Rock Co.,* 50 Colo. 365, 115 Pac. 706; *Dusing v. Nelson,* 7 Colo. 184, 2 Pac. 922; *Hagerman v. Moore,* 2 Colo. App. 83; *Burlington Co. v. Colorado Eastern R. Co.,* 45 Colo. 222, 100 Pac. 607; *Goodknight, Admr. v. Harper,* 70 Colo. 41, 197 Pac. 237; *Peters v. Peters,* 82 Colo. 503, 261 Pac. 874.

"Save in the exceptional instances mentioned in (a) (2), (3) and (4), Rule 111, R.C.P. Colo. a writ of error lies to a final judgment only. The practice under the Code was analagous (section 425). The order herein

54

questioned comes within none of the foregoing exceptions and is not a final judgment. As to the requirements of such, see, *Boxwell v. Greeley Union National Bank,* 89 Colo. 574, 5 P. (2d) 868, 80 A.L.R. 1179. The order being interlocutory, questions with respect thereto may be presented only on review of the final judgment. Where it appears on review that there is no final judgment, as is here disclosed, the writ of error will be dismissed. *Marysville & Colorado Land Co. v. Heyde,* 93 Colo. 523, 27 P. (2d) 498; *Diebold v. Diebold,* 74 Colo. 557, 223 Pac. 46; *Martin v. Way,* 86 Colo. 232, 280 Pac. 488." *Burke v. Maudlin,* 109 Colo. 281, 124 P. (2d) 601.

The writ of error is dismissed.

MR. CHIEF JUSTICE STONE and MR. JUSTICE HOLLAND dissent.