George P. JOUFLAS, Plaintiff-Appellee,

v.

Oscar S. WYATT, Jr.,
Defendant-Appellant.

No. 81CA0535.

Colorado Court of Appeals,
Div. III.

Jan. 28, 1982.

Rehearing Denied Feb. 25, 1982.

Certiorari Denied May 24, 1982.

Dufford, Waldeck, Ruland, Wise & Milburn, Joseph C. Coleman, William H. T. Frey, Grand Junction, for plaintiff-appellee.

Cox & Goss, P. C., Jonathan C. S. Cox, Paul G. Goss, Gerald Padmore, Denver, for defendant-appellant.

TURSI, Judge.

In this mortgage foreclosure action, defendant, Oscar S. Wyatt, Jr., appeals from an order of the trial court granting the motion of plaintiff, George P. Jouflas, to appoint a receiver pursuant to C.A.R. 1(a)(4). Wyatt contends that Jouflas impermissibly filed a new motion after a previous motion requesting the appointment of a receiver had been denied ten months earlier, and that the court abused its discretion in granting the motion to appoint. We disagree with Wyatt's contentions and affirm.

In October 1977, Jouflas sold the subject property to Wyatt for $6,364,000. Wyatt paid $300,000 down and executed a non-recourse promissory note for the balance of the purchase price and secured the note with a mortgage on the property in question. Pending in the trial court are Wyatt's

allegations that there was a second agreement in which Jouflas agreed to reduce the purchase price and the corresponding amount of the note if a subsequent sale by Wyatt was for less than an agreed upon price, and that there was a further agreement that no interest was to be paid pending the subsequent sale. Also at issue is a promissory note executed by Jouflas to Wyatt for $153,000 which was secured by a partial assignment of the mortgage executed by Wyatt in favor of Jouflas. It is without dispute that no payment has been made on the original note.

Jouflas commenced suit in October 1979 and moved for appointment of a receiver in May 1980. At that time, Wyatt had entered into a contract to sell the property for a sales price of $3,200,000 but had not consummated the sale. After a hearing on the matter, the trial court denied the motion. No appeal was taken from this denial.

Approximately ten months later, Jouflas filed another motion for appointment of a receiver. By the time of the second motion, the sale of the property had been consummated for the originally agreed upon sales price, and approximately $442,000 of additional interest had accrued upon the note. With a different district judge presiding, this second motion was granted.

■ As a preliminary matter, we do not agree with Wyatt's contention that Jouflas was an improper party to move for the appointment of a receiver because he had assigned the note and mortgage to Wyatt to secure the $153,000 debt and to co-defendant Andrikopoulos to secure a debt of approximately $60,000. These two assignments were only partial assignments for security purposes. As a partial assignor, Jouflas retained part of his substantive right and is a real party in interest under C.R.C.P. 17(a). 3A *Moore's Federal Practice* ¶ 17.09(1.–1) (2d ed. 1979).

■ Wyatt asserts that it is impermissible for a judge to rule on a matter that was previously ruled upon by a judge of the same district. This principle is not applicable here. Sufficient new facts were alleged in the second motion to allow the second judge to enter a different ruling than that of the first judge, in the same manner that that judge could have, had he been apprised of the new facts. See *K–R Funds, Inc. v. Fox*, Colo.App., 640 P.2d 257 (1981); *Sunshine v. Robinson*, 168 Colo. 409, 451 P.2d 757 (1969).

*Melville v. Weybrew*, 108 Colo. 520, 120 P.2d 189 (1941) is not inconsistent with this holding. *Melville* involved an appeal of an issue that had previously been decided by the Supreme Court, and the court ruled that its prior appellate determination was *res judicata* on the issue of an appointment of a receiver. The holding in *Melville* does not, as Wyatt would have us rule, prevent a trial court judge from hearing a renewed motion for appointment of a receiver upon changed conditions.

■ We also disagree with Wyatt's contention that Jouflas' failure to appeal the denial of his first motion precludes his submission of a new motion to appoint a receiver. Although an order granting or denying the appointment of a receiver is appealable, as of right, pursuant to C.A.R. 1(a)(4), it is not mandatory that an appeal be taken from such an interlocutory order. 9 *Moore's Federal Practice* ¶ 110.18 (2d ed. 1980). If no interlocutory appeal is taken, the order remains subject to revision by the trial court. And this revision is permissible especially where, as here, there are changed circumstances. *Tanner Motor Livery Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963); 9 *Moore's Federal Practice* ¶ 110.25[2] (2d ed. 1980).

■ The appointment of a receiver is addressed to the sound discretion of the trial court, and absent an abuse of that discretion its decision will not be overturned upon review. *Oman v. Morris*, 28 Colo.App. 124, 471 P.2d 430 (1970). Upon the record before us, we find no abuse in the court's granting of the motion to appoint a receiver.

■ At the time of appointment of the receiver, approximately $7.7 million was due on the note. The property which was

the sole asset to which Jouflas could look as security for the debt had been sold for $3.2 million, thus indicating its value to be substantially less than the amount of the debt. These new facts afforded a sufficient basis for the trial court to have reconsidered the prior ruling and justified its appointment of a receiver at that time.

Wyatt's remaining contention is without merit.

Order affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.