**W.D. TRIPP, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**COTTER CORPORATION, a New Mexico corporation, Defendant-Appellant and Cross-Appellee.**

**No. 82CA1304.**

Colorado Court of Appeals,
Div. II.

Feb. 28, 1985.

Rehearing Denied April 25, 1985.

Constantine & Prochnow, P.C., Thomas J. Constantine, Lawrence J. Smylie, Englewood, for plaintiff-appellee and cross-appellant.

Holme, Roberts & Owen, Boyd N. Boland, Berenbaum & Weinshienk, Carole K. Jeffery, Denver, for defendant-appellant and cross-appellee.

SMITH, Judge.

In this mining contract dispute, Cotter Corporation, defendant, appeals from a judgment entered against it, contending that the trial court erred in excluding certain testimony and evidence concerning the meaning of the contractual phrase "cost of ... milling" and in awarding prejudgment interest to W.D. Tripp, plaintiff. Tripp cross-appeals asserting as error the trial court's ruling excluding evidence offered to support his fifth claim for relief in which he sought damages on the basis of the allegation that Cotter had failed to pay him the "competitive price" for performing certain underground mining work under the mining contract. We reverse and remand for a new trial.

The facts relevant to this appeal are as follows. On May 22, 1974, Tripp and Cotter entered into a mining contract pursuant to which Tripp was to perform certain mining operations at a uranium and vanadium ore mine. Under the terms of the contract, Tripp was entitled to receive the following compensation:

"Cotter shall pay to Tripp, as his sole and complete compensation for all ore mined and shipped pursuant to this agreement, 70 percent of the value of yellow cake or its equivalent recovered and sold from such ores, after deducting the cost of hauling, milling, including a milling prof-

it equal to $1.00 per pound of $U_3O_8$ (yellow cake) and $0.10 per pound of $V_2O_5$ (vanadium pentoxide), penalties or other costs incurred in preparing the yellow cake or vanadium pentoxide or their equivalents for sale."

The mining contract also provided that: "All additional drilling, exploration, and development shall be performed by Tripp at competitive costs for like work in the area."

In the spring of 1976, for reasons not relevant to this appeal, Tripp and Cotter entered into a stipulation for settlement and compromise (the arbitration stipulation), which modified the terms of the mining contract. Under the arbitration stipulation, Tripp relinquished and Cotter assumed the right to excavate or "drive" the tunnel, or incline, on the property by performing the work itself or by contracting with a third party. The arbitration stipulation provided:

"At such time as Cotter resumes activities driving the existing incline, and, during the course of such driving activities, if any 'development ore' is encountered, such development ore shall be deemed to be subject to the provisions of the mining contract of May 22, 1974, and such ore shall be handled in a manner just as if Tripp were driving the incline."

Cotter eventually completed "driving" the incline. Its final accounting, however, indicated that Tripp was not entitled to any payments. According to Cotter's calculations, the development ore encountered was of such low quality that the 70 percent of its value, to which Tripp would be entitled under the mining contract, was less than the deductible costs of hauling, milling, and the other enumerated deductions.

Tripp brought suit seeking damages for breach of contract. He asserted that Cotter had mishandled the mined ore, thus decreasing its value. He argued also that depreciation of the milling facility itself should not have been considered a deductible "cost ... of milling," and that he was thus deprived of receiving the entitled compensation for the value of ore removed.

Tripp, in his fifth claim, sought damages on the basis that he had not been paid the amount due him for the drilling, exploration, and development work he had performed on the basis of "competitive costs" for "like work" in accordance with the terms of the contract.

During trial, the court directed a verdict against Tripp on his fifth claim for relief. The jury returned a general verdict in favor of Tripp and against Cotter in the amount of $38,088.98. On motion by Tripp, the trial court assessed pre-judgment interest at the rate of 8 percent per annum, totalling $11,947.17. Final judgment was thereafter entered and this appeal ensued.

## I.

Cotter first contends that it was error to exclude the proposed testimony as to the meaning of or what was included within the phrase "cost ... of milling." We agree.

■ Absent allegations of fraud, accident, or mistake in the formation of the contract, parol evidence is inadmissible to add to, subtract from, vary, contradict, change, or modify an unambiguous integrated contract. *Buckley Bros. Motors, Inc. v. Grand Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981); *Regan v. Customcraft Homes, Inc.*, 170 Colo. 562, 463 P.2d 463 (1970). However, for purposes of interpreting, explaining, or applying contractual terms, parol evidence may be admissible. *See Regan v. Customcraft Homes, Inc., supra; Stone v. Caroselli*, 653 P.2d 754 (Colo.App.1982).

■ Here, the trial court concluded that the mining contract was "clear and unambiguous." However, we are not bound by the trial court's determination on such questions of law. *Buckley Brothers Motors v. Gran Prix Imports, supra; Great Western Sugar Co. v. Northern Natural Gas Co.*, 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.*, 698 P.2d 769 (Colo. 1985).

In *Bowen v. Cullman Brothers, Inc.*, 414 F.2d 739 (5th Cir.1969), the appellate court was confronted with a similar factual situation. There, the contract permitted the defendant to deduct "the cost of packing and warehousing" a tobacco crop. In upholding the trial court's admission of parol evidence for the purpose of interpreting the quoted phrase, the court stated:

"It is not apparent from the language of the contract what items of expenditure by [defendant] go to make up 'the cost of packing and warehousing' the crop. This language then, of course, is ambiguous, and parol evidence must be received to determine what goes into such cost of packing and warehousing."

■ Likewise, the mining contract at issue here does not expressly describe the components to be included in calculating costs of milling. There is nothing in the contract which defined the phrase "cost of ... milling," nor were there any provisions which described what the phrase encompassed in terms of those costs. The phrase in question is therefore ambiguous, and testimony offered for the purpose of explaining and interpreting it should not have been excluded. *See KN Energy, Inc. v. The Great Western Sugar Co., supra; Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). The exclusion of this competent, relevant evidence thus, was reversible error.

## II.

Cotter next argues that the trial court erred in adding prejudgment interest to the jury's general verdict. We agree.

■ The right to recover prejudgment interest is a matter of law. Section 5–12–102, C.R.S. (1982 Cum.Supp.); *Hayes v. North Table Mountain Corp.*, 43 Colo. App. 467, 608 P.2d 830 (1979). It is true that where entitlement and the amount of prejudgment interest is clearly ascertainable from the "verdict or from uncontroverted facts," the court itself may compute and add the interest to the verdict. *Wood v. Hazelet*, 77 Colo. 442, 237 P. 151 (1925).

However, here there was only a general verdict by the jury which did not indicate on which basis damages were assessed or when the amounts it found as damages should have been paid. The trial court made no findings in this regard, and thus, we cannot ascertain the basis upon which the prejudgment interest was allowed or how it was computed. We therefore find the assessment erroneous, and appropriate findings underlying an award of prejudgment interest should be entered as to any judgment awarded on retrial.

### III.

Relative to Tripp's cross-appeal, we agree with the trial court's determination that the parties, by letter agreement, settled on specific amounts as payment to Tripp for his additional drilling, exploration, and development costs. Parol evidence relating to "competitive costs", which was offered to modify, alter, or set aside that agreement, was not admissible. We thus find no merit in his cross-appeal.

Judgment reversed and cause remanded for a new trial.

BERMAN and VAN CISE, JJ., concur.