**D.L. PIERSON and Marvin Hopkins,**
**Plaintiffs–Appellees,**

v.

**UNITED BANK OF DURANGO,**
**Defendant–Appellant.**

**No. 85CA1627.**

Colorado Court of Appeals,
Div. VI.

March 17, 1988.

**432**

Timothy A. Patalan, Durango, for plaintiff-appellee Pierson.

McDaniel & McDaniel, L.W. McDaniel, Durango, for defendant-appellant.

No appearance for plaintiff-appellee Hopkins.

VAN CISE, Judge.

Plaintiff D.L. Pierson commenced this action against defendant, United Bank of Durango (the bank), for damages for fraud, misrepresentation, and breach of contract following the repossession of two airplanes that were the collateral securing a note given by Pierson and Marvin Hopkins to finance the purchase of one of the airplanes from the bank. On the bank's motion, Hopkins was joined as an involuntary plaintiff. The bank then answered the complaint and counterclaimed against both plaintiffs for the balance due on the note after repossession and sale of the collateral. Hopkins failed to appear or answer and, on motion of the bank, Hopkins' default was duly entered. No default judgment was sought or granted.

The case proceeded to trial and resulted in jury verdicts and judgment thereon in favor of both plaintiffs on the breach of contract claim and on the bank's counterclaim. The court entered judgment in favor of both for the $16,850.61 in compensatory damages awarded by the jury and, in addition, granted prejudgment interest to them.

The bank does not appeal the merits of the case itself, the entry of judgment for compensatory damages in favor of Pierson, or judgment in his favor on the bank's counterclaim. It appeals the inclusion of Hopkins in the jury verdict and judgment on the counterclaim (in favor of "plaintiffs "), and also appeals the allowance of prejudgment interest. We affirm.

## I.

The bank's first contention is that the trial court erred in allowing the involuntary plaintiff Hopkins to participate in the verdict and judgment entered on the counterclaim. We disagree.

The record reveals that while the bank sought and obtained an entry of default under C.R.C.P. 55(a), it failed to apply for an entry of judgment by default as required by C.R.C.P. 55(b). Further, since Hopkins was served out of state, the court must require proof of the claim in order to enter a judgment on the default. C.R.C.P. 55(f); *Norton v. Raymond*, 30 Colo.App. 338, 491 P.2d 1403 (1971). There is no admission of liability when a default is entered against a person served out of state. *Cf. Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672 (Colo.1987). There is no error in requiring this proof to be made to a jury, especially where, as here, there is to be a jury trial on identical facts and claims involving another party claimed to be jointly and severally liable with the defaulting party. *See Melville v. Weybrew*, 108 Colo. 520, 120 P.2d 189 (1941). *See also Orebaugh v. Doskocil*, 145 Colo. 484, 359 P.2d 671 (1961); C.R.C.P. 55(b).

Hence, the entry of default by itself, did not affect the right of Hopkins to prevail after trial of the counterclaim.

## II.

Defendant also contends that the trial court erred in awarding the plaintiffs prejudgment interest on a general verdict. We do not agree.

Section 5–12–102, C.R.S., allows plaintiffs prejudgment interest on their damages. In the case of a general verdict, the court is required to make findings regarding the basis upon which damages were due. *Tripp v. Cotter Corp.*, 701 P.2d 124 (Colo.App.1985). The record reveals that the trial court made these findings which were clearly ascertainable from uncontroverted facts. *Wood v. Hazelet*, 77 Colo. 442, 237 P. 151 (1925). Therefore, the award was proper.

If the trial court erred in including Hopkins in the verdict form and in the judgment entered thereon for compensatory

damages and prejudgment interest, with the result that a non-appearing and defaulting party obtained affirmative relief, the error was harmless because Pierson was entitled to the augmented judgment and payment to one satisfies the judgment as to both.

■ Pierson's request for attorney fees on appeal is denied since we conclude that the bank's appeal is not frivolous or groundless. C.A.R. 38(d); *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Judgment affirmed.

SILVERSTEIN and STERNBERG,[*] JJ., concur.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).