G.W. COLEMAN and Karen Coleman, Plaintiffs–Appellees and Cross–Appellants,

v.

UNITED FIRE AND CASUALTY COMPANY, Defendant–Appellant and Cross–Appellee.

No. 87CA0069.

Colorado Court of Appeals, Div. V.

Aug. 18, 1988.

Rehearing Denied Sept. 22, 1988.

Certiorari Denied (United) Jan. 17, 1989.

Stientjes and Shaddock, Harlan C. Stientjes, Greeley, for plaintiffs-appellees and cross-appellants.

Anderson, Sommermeyer, Wick & Dow, Samuel L. Anderson, Fort Collins, for defendant-appellant and cross-appellee.

FISCHBACH, Judge.

Defendant, United Fire and Casualty Co., appeals from a judgment entered on a jury verdict awarding plaintiffs $16,500 for breach of contract. Plaintiffs cross-appeal the trial court's setoff of $3,000 representing a settlement with a co-defendant. The judgment is modified and, as modified, is affirmed.

Plaintiffs own an apartment building in Greeley. United insured the building from March 1, 1981, to March 1, 1982. The roof was damaged by hail in July 1981. United contacted an adjusting firm which arranged for the roof to be replaced. The

replacement work was completed in August 1981.

In December 1983, the roof began to leak. Numerous repairs were made to the roof up to January 1985. Plaintiffs first learned in January of 1985 that United, through the adjusting firm, had contracted in 1981 for a replacement roof that was inferior to the original roof. Plaintiffs notified United of the problems with the roof on January 18, 1985, and made a formal demand for payment of $15,000 on August 12, 1985.

When United refused the demand, plaintiffs filed suit against United and the roofing company. Plaintiffs asserted that United concealed the fact that the replacement roof was not a like-kind substitute for the original roof, as was required under the insurance contract. Plaintiffs claimed damages for replacing the roof and for interim repairs. Before trial, plaintiffs settled with the roofing company for $3,000.

I.

■ United first contends that the trial court erred in denying its motion for a directed verdict on the ground that plaintiffs' action was barred by the one-year limitations clause in the insurance policy. We disagree.

■ If a loss covered by insurance is adjusted, and the insured brings an action based upon the adjustment, a contractual limitation clause in the insurance policy does not apply. *Dorn v. Home Farmers Mutual Insurance Ass'n*, 300 Minn. 414, 220 N.W.2d 503 (1974). This is because an adjustment, or a compromise and settlement, is a new contract, and the insured's action is for its breach, not on the policy. *See Dorn v. Home Farmers Mutual Insurance Ass'n, supra; see also Dan Hayes Boiler & Repair Co. v. Illinois Masonic Medical Center*, 30 Ill.App.3d 616, 332 N.E. 2d 463 (1975). In addition, an insurance company may be liable for its failure properly to inspect, test, and repair damaged property. This liability is separate and distinct from its liability under the insurance contract. *Stanley v. Onetta Boat Works, Inc.*, 303 F.Supp. 99 (D.Ore.1969), *aff'd*, 431 F.2d 241 (9th Cir.1970).

Here, the gist of plaintiffs' complaint was that United failed properly to replace the roof. This was not an action on the insurance contract itself, and thus, the contractual limitation clause did not apply.

In view of our disposition of this issue, United's contention that plaintiffs failed to plead waiver of the limitation clause explicitly is irrelevant, and the trial court's instruction to the jury on waiver was harmless error.

II.

■ We also reject United's contention that the trial court erred in admitting evidence of damages which occurred after the expiration of United's policy. Plaintiffs' action was not on the insurance policy itself; therefore, the admission of evidence concerning damages occurring after the policy expired was not erroneous.

■ Nor do we perceive error in the trial court's admission of evidence concerning damages that were partially reimbursed by other sources. Evidence of damages covered by plaintiffs' homeowner's insurance was properly admitted under the collateral source rule which allows recovery for the same injury from both the wrongdoer and the aggrieved party's own insurer. *See Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983). No such double recovery is permitted for damages redressed by the roofing company's insurer. Nonetheless, that evidence of these damages was properly presented to the jury because it was accompanied by evidence of the reimbursement.

III.

■ United next argues that the trial court erred in instructing the jury that United was required to act in good faith and to deal fairly with its insured. Although we agree with United that this instruction is more properly given in an action where good or bad faith is an issue, such as an action for bad faith breach of an insurance contract, we conclude that the giving of this instruction here does not constitute reversible error.

In considering an objection to a jury instruction, we must determine whether the

instruction is so erroneous or so confusing or misleading as probably to lead the jury into error of such proportion as to require a new trial. *See Mendez v. Pavich,* 159 Colo. 409, 412 P.2d 223 (1966).

Here, the disputed instruction merely stated the underlying obligation of an insurance company in dealing with its policyholders. *See* § 10–3–1101, et seq., C.R.S. (1987 Repl.Vol. 4A). We therefore conclude that the instruction on good faith did not tend to mislead the jury concerning United's responsibilities with respect to the settlement of plaintiffs' claim.

## IV.

■ Finally, United contends that the trial court's computation of prejudgment interest was incorrect. We agree, and therefore modify the judgment to correct the interest award.

The trial court awarded plaintiffs prejudgment interest on $11,000 from September 1, 1981, which the court fixed as the date on which plaintiffs should have received a like-kind replacement roof. The court then awarded prejudgment interest on the remaining $5,500 of the judgment from August 12, 1985, the date of plaintiffs' demand on United for payment of replacement and repair costs. The trial court reasoned that the evidence showed that $11,000 was the average cost of replacing the roof, and that amount was due from United in 1981. The trial court also determined that the additional $5,500 awarded by the jury represented the expense of subsequent repairs, which was not due until demand was made on United. We conclude that the trial court was correct in its determination of when the replacement and repair costs were due; however, the court erred in using $11,000 as the basis for its calculation of prejudgment interest on the replacement cost.

Section 5–12–102, C.R.S. (1987 Cum. Supp.) allows plaintiffs prejudgment interest on their damages from the date of wrongful withholding. In the case of a general verdict, the court is required to make findings regarding the basis upon which damages were due. *Pierson v. United Bank,* 754 P.2d 431 (Colo.App.

1988). The trial court's findings should be clearly ascertainable from uncontroverted facts. *Wood v. Hazelet,* 77 Colo. 442, 237 P. 151 (1925).

Here, the trial court's finding that the cost of replacement was $11,000 was not based on uncontroverted facts. The estimates for replacement cost ranged from $9,012.50 to $14,000. Dr. Coleman testified that the total cost for interim repairs was approximately $6,500, and no other evidence conflicting with that testimony was presented. Thus, the lowest replacement cost which is consistent with the verdict is approximately $10,000. As neither party objected to the form of the general jury verdict, we conclude that $10,000 is the proper figure on which to calculate prejudgment interest on replacement cost. Thus, total prejudgment interest would be $5,548.63, not the $5,938.69 calculated by the trial court, and the judgment must be reduced by $390.06.

## V.

■ Plaintiffs cross-appeal the trial court's setoff of the $3,000 plaintiffs received in settlement from the co-defendant roofing company. We conclude that the trial court properly determined that the $3,000 settlement represented the same damages for which plaintiffs were awarded compensation against United.

Plaintiffs were unable to articulate any distinction between the damages they sought from the roofing company and those they claimed against United. Thus, the trial court properly did not allow plaintiffs to recover twice for the same injury. *See Greenemeier v. Spencer,* 719 P.2d 710 (Colo.1986); *Rusch v. Lincoln–Devore Testing Laboratory, Inc.,* 698 P.2d 832 (Colo.App.1984).

The judgment is modified to reduce the total prejudgment interest to $5,548.63, and, as so modified, it is affirmed.

VAN CISE and PLANK, JJ., concur.